IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
NOV 16 2023
Clerk, U.S. District Court
Eastern District of Tennessee
At Knoxville

IN THE MATTER OF THE
ADMINISTRATIVE INSPECTION OF:

MACKENZIE TREECE, D.V.M.
Five Rivers Pet Emergency Hospital
2040 West Highway 11-East
Apartment B
New Market, TENNESSEE 37820

Magistrate No. 3:23-MJ-1202

APPLICATION AND AFFIDAVIT

STATE OF TENNESSEE

COUNTY OF KNOX, to-wit:

I, Joyce Trask, being first duly sworn, do hereby depose and state as follows:

1. Your affiant, Joyce Trask, is a duly appointed Diversion Investigator of the Drug Enforcement Administration, United States Department of Justice, assigned to the Knoxville, Tennessee District Office.

2. Pursuant to Title 21, United States Code (U.S.C.), Sections 878(2) and 880(b)(1), (2), and (3), and Section 3, Appendix to Subpart R. Title 28, Code of Federal Regulations (C.F.R.), your affiant is authorized to execute administrative inspection warrants for the purpose of inspecting the controlled premises of persons and firms registered under the Controlled Substances Act (CSA) (21 U.S.C. § 800 *et seq.*) in order to inspect, copy and verify the correctness of all records, reports and other documents required to be kept or made under 21 U.S.C. § 827 and 21 C.F.R. § 1304.01 *et seq*.

3. Mackenzie I. TREECE, D.V.M., is registered under the provisions of the CSA, 21 U.S.C. § 823 *et seq.*, as a practitioner, and has been assigned U.S. Drug Enforcement Administration (DEA) registration number FT1210272 granting authorization in Schedules 2, 2N, 3, 3N, 4, and 5 controlled substances, and is conducting business at Five Rivers Pet Emergency Hospital, 2040 West Highway 11-East, Apartment B, New Market, Tennessee 37820. That said place of business is a controlled premises within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c).

1

4. In the course of my preparation to conduct an inspection of Five Rivers Pet Emergency Hospital, I contacted pharmaceutical distributors and confirmed purchases by Dr. TREECE of the following controlled substances: buprenorphine, butorphanol, diazepam, midazolam, phenobarbital, euthanasia solution, and tiletamine with zolazepam.

5. Your affiant has examined the files and records of the DEA and has determined that Dr. TREECE and the registered location have never been inspected by the DEA. Administrative inspections of registrants are authorized by Title 21 of the United States Code, Sections 822, 880 and 965; and Title 21 of the Code of Federal Regulations, Section 1316.03, which state, in substance, that in carrying out his functions under the Controlled Substances Act, the Attorney General, through the DEA Administrator, through inspectors, is authorized to enter controlled premises and conduct administrative inspections thereof.

6. On November 2, 2023, DEA Task Force Officer (TFO) Brandon T. Lichty and DEA Diversion Investigator (DI) Joyce Trask traveled to Dr. TREECE's registered location, 2040 W Highway 11E in New Market, Apartment B, Tennessee 37820, for the purpose of conducting an inspection of the registered premises as authorized by federal law. DI Trask presented her official government credentials, and stated the purpose of the visit. An unnamed female stated that employees had been instructed to deny DEA entrance to the facility without the owner present. DI Trask asked if a veterinarian was onsite, to which the female replied affirmatively, but stated that the attorneys for Dr. Treece and/or the veterinary clinic instructed that DEA cannot come in without the owner present. The female asked for a business card in order to have the owner call to schedule a time that it was permissible for DEA to enter.

7. Dr. TREECE is required to keep complete and accurate records on the controlled premises for at least two (2) years, readily retrievable and available for inspection, verification, and copying by officers or employees of the United States, of all controlled substances received, sold, delivered or otherwise disposed of by her pursuant to 21 U.S.C. § 827 and 21 CFR § 1304.01 *et seq*. Pursuant to 21 CFR § 1304.11, every person required to keep records shall take an inventory of all stocks of controlled substances on hand on the date he/she first engages in the manufacture, distribution, or dispensing of controlled substances, and thereafter at least every two years. Pursuant to § 1304.22(c), persons registered to dispense or administer controlled substances are required to record the name of the substance; each finished form; the number of units acquired, including the date of and number of units and/or commercial containers in each acquisition to inventory and the name, address, and registration number of the person from whom the units were acquired; the number of commercial containers distributed to other persons, including the date of and number of containers in each reduction from inventory, and the name, address, and registration number of the person to whom the containers were distributed; the number of units of finished forms and/or commercial containers distributed or disposed of in any other manner by the registrant (e.g., by distribution of complimentary samples or by destruction), including the date and manner of distribution or disposal, the name, address, and registration number of the person to whom distributed, and the quantity in finished form distributed or disposed; the number of units or volume of such finished form dispensed, including the name and address of the person to whom it was dispensed, the date of dispensing, the number of units or volume dispensed, and the written or typewritten name or initials of the individual who dispensed or administered the substance on behalf of the dispenser.

8. Your affiant represents that Mackenzie I. TREECE, D.V.M., is the subject of a DEA investigation for alleged failure to keep complete and accurate records of each controlled substance manufactured, imported, received, sold, delivered, exported, or otherwise disposed of by her, in violation of 21 C.F.R. 1304.21(a). Dr. TREECE also is under investigation for allegedly failing to maintain effective controls to guard against theft or diversion of controlled substances, as required by 21 C.F.R. 1301.71.

9. The concept of "Probable Cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant. Marshall v. Barlow's Inc., 436 U.S. 307, 320 (1978); *see also* United States v. Acklen, 690 F.2d 70, 72-73 (6th Cir. 1982). Indeed, the fact that a registrant has never been inspected to assure compliance with the requirements of the CSA is a circumstance that alone is sufficient to justify an administrative warrant. United Sates v. Voorhies, 663 F.2d 30, 33 (6th Cir. 1981); United States v. Goldfine, 538 F.2d 815, 818-819 (9th Cir. 1976); United States v. Prendergast, 585 F.2d 69, 70 (3d Cir. 1978).

10. Your affiant further represents that the need for inspecting Dr. TREECE's registered location, Five Rivers Pet Emergency Hospital, 2040 West Highway 11-East, Apartment B, New Market, Tennessee 37820, and verifying the correctness of inventories, records, reports, and other documents required to be kept under the CSA, results from a valid public interest in the effective enforcement of the CSA and implementing regulations for the following reasons:

- Dr. TREECE has never been the subject of an administrative inspection;

- When DEA attempted to conduct an administrative inspection of Five Rivers Pet Emergency Hospital, employees at the registered location stated that attorneys had instructed them that, if DEA were to visit the facility, DEA was to be denied entrance to the controlled premises without the owner present.

11. The affiant further states that the inspection will be conducted within regular business hours; that the Investigator's credentials will be presented to the registrant; that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness; and that the warrant will be returned within 10 days.

12. The affiant further states that the inspection will extend to the inspection and copying of inventories, records, reports, prescriptions, order forms, invoices, and other documents, including electronically-stored data, required to be kept and the inspection of all other things therein including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the CSA. The inspection will also extend to the inspection and inventory of stocks of controlled substances, finished or unfinished substances and pertinent equipment associated with the storage and handling of controlled substances, and, if necessary and applicable, records and/or samples of controlled substances will be seized.

13. Although the Act does not explicitly provide for copying of items listed under 21 U.S.C. 880(b)(3)(B), the affiant requests that the court authorize the copying of (and if necessary, seizure for the purpose of copying) such items (whether they be in written, digital, or printed form) in order to appropriately verify the records that are required to be kept under 21 U.S.C. 880(b)(3)(A). Further, if the relevant items are seized, copied, and returned in a reasonably prompt fashion, it

3

will allow DEA to more quickly, efficiently, and thoroughly inspect the registered premises, and minimize disruption of operations of the veterinary clinic.

14. The affiant requests that this Court authorize investigators and agents to copy, or "mirror image" all computerized storage areas, including hard drives, diskettes, and other such storage devices where records and documents sought by this administrative inspection warrant may be found in electronic form and perform whatever techniques are necessary to ensure that the imaged copies are accurate copies. As to inspection of the contents, investigators or agents are requesting authorization to analyze the electronically stored data using any of the following techniques: (a) surveying various file "directories" and the individual files they contain in order to locate records authorized for inspection or seizure by the warrant; (b) "opening" or reading the first few "pages" of such files in order to determine their precise contents; (c) "scanning" storage areas to discover and possibly recover recently deleted data and scanning storage areas for deliberately hidden files; and (d) performing electronic "keyword" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the inspection.

15. The affiant will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections. If the registrant or any person subject to the Act refuses to permit execution of the administrative inspection warrant, or impedes an Investigator in the execution of that warrant, he or she will be advised that such refusal or action constitutes a violation of section 402(a)(6) of the Act (21 U.S.C. 842(a)(6)). If he or she persists and the circumstances warrant, he or she shall be arrested and the inspection shall commence or continue. 21 C.F.R. § 1316.12.

16. A return will be made to this United States Magistrate Judge upon the completion of the inspection. The affiant further states that she has verified and has knowledge of the facts alleged in this affidavit, and that they are true to the best of her knowledge.

Further your affiant sayeth naught.

_____
Joyce Trask
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this __8th__ day of __November__, 2023.

_____
Debra C. Poplin
United States Magistrate Judge

4